UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESUS JIMENEZ AGUILAR,<br>Defendant. | NO. CR-02-6020-EFS<br>[NO. CV-05-5104-EFS]<br><br>**ORDER DISMISSING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255** |

BEFORE THE COURT is Movant Jesus Jimenz Aguilar's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Ct. Rec. 41). Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, Movant's request for relief is hereby considered to determine whether the Court should summarily dismiss the motion or order the Plaintiff to answer. *See* Rule 4(a), 28 foll. § 2255.

**I. 18 U.S.C. § 2255: Statute of Limitations**

Section 2255 of Title 28 allows a prisoner in custody to attack a sentence on the grounds that such sentence was imposed in violation of the federal constitution or law, the court did not have jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, and/or otherwise subject to collateral attack. 28

U.S.C. § 2255. Yet, in order to bring such a claim, the petitioner must file suit within a year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

**A. Date Conviction Became Final**

Conviction became final ten days after the entry of judgment. FED. R. APP. PROC. 4(b)(1)(A)(I); *see United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); 28 U.S.C. § 2244(d)(1). Movant was sentenced on February 20, 2003, (Ct. Rec. 36), and his judgment was entered on February 21, 2003 (Ct. Rec. 38). Accordingly, § 2255(1) is not applicable as nearly two and a half years have passed between the date Movant's conviction became final and the filing of the instant petition on November 14, 2005.

**B. Non-retroactivity of *United States v. Booker***

The Supreme Court's ruling in *United States v. Booker*, 125 S. Ct. 738 (2005), "is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005). Here, because Movant's conviction became final in early

March 2003, prior to the Supreme Court's publication of *Booker* on January 12, 2005, Movant's *Booker*-based arguments are moot.

**C. Newly Discovered Facts & Governmental Impediments**

Because Movant seeks habeas relief wholly based on the new sentencing rule announced in *United States v. Booker*, 125 S. Ct. 738 (2005), and not the discovery of new facts or governmental impediments, 18 U.S.C. § 2255(2) and (4) need not be considered in determining whether the instant request for relief is timely.

**D. Conclusion**

For the reasons described above, the Court finds Movant is not entitled to § 2255 habeas relief and hereby dismisses, with prejudice, the instant request.

Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence **(Ct. Rec. 41)** is **DISMISSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to the Defendant:

Jesus Jimenez Aguilar(15593-085)
200C 211L
P.O. Box 3540
Milan, NM 87021

**DATED** this 5th day of December, 2005.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2002\6020.habeas.dismiss.wpd